Pittsburgh, etc., R. Co. *v.* Mexico, etc., Stock Co.—85 Ind. App. 42.

PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS
RAILROAD COMPANY *v.* MEXICO ELEVATOR
AND LIVE STOCK COMPANY ET AL.

[No. 12,370. ·Filed November 19, 1925. Rehearing denied February 17, 1926. Transfer denied June 11, 1926.]

1. RAILROADS.—*Railroad company liable for destruction of elevator by fire notwithstanding provision of lease exempting it from liability.*—Under §13249 Burns 1926, §5525a Burns 1914, a railroad company was liable for the destruction of an elevator on its right of way by fire, caused by sparks from its locomotive, notwithstanding the provision of a lease of said elevator that exempted the railroad company from liability for fire, where the lease had been canceled by a sale thereof without the written consent of the railroad company in violation of another provision of the lease, and the purchaser was not in possession as a tenant. p. 47.

2. LANDLORD AND TENANT.—*Lease creating tenancy at will canceled by lessor writing to purchaser of lease directing cancellation thereof.*—A lease providing that the tenancy continued solely at the will of the lessor, and that the lessee would hold and occupy the leased premises only at the will of the lessor, was canceled by the lessor writing to a purchaser of the lease that a new lease would be necessary and directing him to procure cancellation of the old lease. p. 48.

3. EVIDENCE.—*Statement of defendant railroad company's division supervisor was competent evidence.*—In an action against a railroad company for damages by fire caused by its locomotive, a statement by the defendant's division supervisor as to plaintiff's right to occupy the property was competent evidence in behalf of the company. p. 48.

From Wabash Circuit Court; *Frank O. Switzer,* Judge.

Action by the Mexico Elevator and Live Stock Company and another against the Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Company. From a judgment for plaintiffs, the defendant appeals. *Affirmed.* By the second division.

*Parker, Crabill, Crumpacker & May* and *Will H. Anderson,* for appellant.

*York & Rees* and *Plummer & Plummer,* for appellees,

MAY TERM, 1926. 43

Pittsburgh, etc., R. Co. *v.* Mexico, etc., Stock Co.—85 Ind. App. 42.

NICHOLS, P. J.—Action by appellee elevator company to recover for the loss by fire of an elevator and grain and personal property located therein, and situate on appellant's right of way, and by appellee insurance company for reimbursement of the amount of insurance paid to the elevator company. The court made and entered special findings of facts and conclusions of law in favor of appellees, on which there was judgment for appellees that they recover $15,289.16, of which the elevator company is to receive $4,738.50 and the insurance company $10,550.66.

Appellant's motion for a new trial was overruled and this appeal followed. Errors relied on for reversal are that: (1) The court erred in overruling appellant's motion for a new trial; and (2) in each of the conclusions of law.

The facts, as they appear by the special findings, so far as here involved, are: That on March 22, 1915, one Morgan owned a grain elevator, coal shed, office and other buildings, machinery and equipment located on appellant's right of way at Mexico. On said day, appellant and Morgan entered into a written lease by which it leased a part of its right of way at Mexico to him for the sum of $10 and the further sums of $5 per year during the term of the tenancy at will, which tenancy was subject to termination on thirty days' written notice on Morgan or his assignee. The lease contained the following clause:

"This agreement shall not be assigned nor shall said premises, building or buildings or structures, or any part thereof, be sold, transferred, underlet or sublet to any person or persons or corporation without the written consent of the party of the first part being first indorsed upon this agreement and executed by some officer of the party of the first part thereunto duly authorized.

"The party of the first part shall not be held respon-

44 APPELLATE COURT OF INDIANA,

Pittsburgh, etc., R. Co. *v.* Mexico, etc., Stock Co.—85 Ind. App. 42.

sible in any way to anyone for any loss of or damage to said buildings, building or structures or property stored therein or located upon said premises, no matter to whom the same belongs, whether such loss or damage be occasioned by fire communicated by sparks from a locomotive, or otherwise.

"The party of the second part upon the termination of this agreement may remove said buildings, building or structures, if not in default  *  *  *  but such removal must be made within thirty days from the termination of this agreement.  *  *  *  If said  *  *  * premises be not removed within the time aforesaid after the expiration of this agreement the said party of the first part shall be and become the absolute owner of said building, buildings or structures free from any liability to or claim or demand whatsoever by the party of the second part.

"This agreement shall enure to the benefit of and be binding upon the successors or assigns of the parties hereto, respectively."

On May 1, 1919, appellee elevator company purchased of Morgan the elevator, including all buildings and equipment, located on the right of way of appellant on the real estate described in the lease, and took possession thereof and had possession on January 14, 1921, when all the buildings, machinery, equipment and stock, except the coal shed, were destroyed by fire.

On May 2, 1919, Rees J. Morgan executed and delivered to appellee company his written assignment of the lease.

On May 1, 1919, an attorney for said elevator company mailed to the superintendent of appellant a letter informing him of the assignment, which was referred to appellant's division engineer and stating that if appellant desired a new lease to inform him.

On May 5, 1919, appellant answered said letter, ad-

MAY TERM, 1926.        45

Pittsburgh, etc., R. Co. *v.* Mexico, etc., Stock Co.—85 Ind. App. 42.

vising that it would be necessary to execute a new lease covering the property and requesting advice as to whether the grain elevator company desired to lease the same property as covered in the lease to Morgan, and as to when the elevator company took possession of the property. In connection with the execution of the new lease, appellee elevator company was informed that it would be necessary for it to forward to appellant the lease, across the face of which should be written "cancelled by mutual consent" and dated and signed by Morgan. Appellee was also informed that in connection with the lease it would be necessary to execute a siding agreement covering that part of the sidetrack serving the elevator and coal bins adjacent to the lease.

During the month of June, 1919, pursuant to the above direction, the following words were written across the face of the lease: "Cancelled by mutual consent May 31, 1919, Rees J. Morgan."

There were further negotiations because of a disagreement as to the rental of the side track, during which time, appellant informed appellee elevator company that it had no lease and was occupying the right of way of appellant with the elevator without a lease. Appellant never tendered a new lease to appellee elevator company.

Upon purchase of the elevator in May, 1919, the elevator company took possession and continued to operate the elevator on appellant's right of way with its knowledge and consent, and appellant furnished cars for the use of the elevator company, and hauled freight to and from the elevator until its destruction January 14, 1921.

The elevator company never paid any rent under the lease and never claimed or sought to hold possession by virtue of the lease, and appellant never took any steps to evict the elevator company.

As a summary of the foregoing, the court, by finding No. 21½, found that: "The elevator company caused notice of the sale from Morgan to it to be given to the defendant and the defendant demanded surrender and cancellation of the Morgan lease and the lease was surrendered and canceled by Morgan with the assent and co-operation of the elevator company and on its face was indorsed 'Cancelled by mutual consent May 31, 1919, Rees J. Morgan,' agreeable to the direction of the defendant and, as so indorsed, came into the possession of the defendant company and the defendant and the elevator company entered into negotiations for a new lease, during which negotiations, the officers of the elevator company were informed orally by defendant's Division Engineer that the Morgan lease was terminated and that thereafter defendant company and the elevator company treated the Morgan lease as having been surrendered and of no binding force."

Appellee insurance company, on June 1, 1920, executed a policy of insurance to the elevator company insuring the merchandise on hand in the elevator and buildings against loss by fire in the sum of $5,000, and on the same date, another policy insuring against loss by fire on the elevator, machinery, stock and equipment, etc., in the sum of $8,000.

Both policies were in force on the day of the fire, which was caused by sparks from a locomotive of appellant, and the insurance company has paid the elevator company the full amount of its liability on said policies.

Section 13249 Burns 1926, §5525a Burns 1914, provides: "That each railroad corporation owning or operating a railroad in this state shall be responsible in damage to every person or corporation[s] whose property may be injured or destroyed by fire communicated directly or indirectly by locomotive engines in use upon the railroad owned or operated by such rail-

road corporation, and each such railroad corporation shall have an insurable interest in the property upon the route of the railroad owned or operated by it, and may procure insurance thereon in its own behalf for its protection against such damages: Provided, In all actions instituted under this act the burden of proving the defense of contributory negligence shall be upon the defendant. Such defense may be proved without special plea: Provided, That this act shall not be construed to prevent or affect in any wise fire clauses which may be inserted in contracts between railroad companies and other parties, relative to the construction of and operation over private sidetracks."

It is not controverted that the fire that destroyed the elevator, its equipment, and the merchandise therein was communicated directly by sparks from appellant's engines. Appellees admit that the clause in the lease exonerating appellant from liability for fires on its right of way caused by its locomotives is a valid provision, but contend that appellee elevator company was not occupying appellant's right of way under the lease when the fire occurred. As it seems to the court, appellees must prevail in this contention. It was expressly provided in the lease by appellant to Morgan that: "This agreement shall not be assigned * * * under-let or sub-let to any person, persons or corporation, without the written consent of the party of the first part being first endorsed upon this agreement and executed by some officer of the party of the first part thereunto duly authorized."

There is no contention by appellant that this provision of the lease was ever complied with, or that it, in any manner, gave its consent to the assignment. On the contrary, when informed of the purchase of the elevator by appellee elevator company, it then informed the purchaser, elevator company, that it would

be necessary to execute a new lease, and further instructed the elevator company to procure a cancellation of the lease by Morgan, which it did. While the lease, after this cancellation was written across it, was not forwarded to appellant, it understood that there was no lease to appellee elevator company, and repeatedly notified it that it was occupying without a lease. No doubt, appellant could have waived the provision of the lease against assignment, as such provisions are generally held to be made for the benefit of the lessor, *Miller* v. *Ready* (1915), 59 Ind. App. 195, 108 N. E. 605, but it did not do so, and, without such waiver, the elevator company could not and did not become the tenant of appellant under the lease. *Indianapolis, etc., Union* v. *Cleveland, etc., Co.* (1873), 45 Ind. 281. And without the lease, and its exoneration from liability, appellant was liable under the statute.

It was provided in the lease that the tenancy created continued solely at the will of the lessor, and that the lessee could hold and occupy only at the will of the lessor. When the lessor, appellant, without consenting to the assignment, wrote that it would be necessary to execute a new lease, and directed that the old lease be canceled, it thereby put an end to the lease which created only a tenancy at will.

Appellant contends that it was error to admit in evidence the statements of one Hart to the effect that appellee elevator company was occupying without a lease, but we hold that there was ample evidence that he was supervisor of the Fort Wayne division of appellant company and was fully authorized to speak for it.

We find no reversible error.

Affirmed.